## Case No. 17,143.
### WARBURTON et al. v. AKEN et al.
[1 McLean. 460.] [1]

Circuit Court, D. Illinois. June Term, 1839.

JUDGMENT—CONCLUSIVENESS—CONTINUANCE—AB-SENT WITNESS.

1. A judgment of a court, having jurisdiction of the subject matter, is conclusive between the parties until reversed or set aside on the ground of fraud.

[Cited in The Acorn, Case No. 29.]

2. Where a party moves for a continuance on account of absent witnesses, and states what he expects to prove by such witnesses, if the facts stated would not be admissible in evidence, the motion must be overruled.

3. As between parties who enter into a fraudulent combination against an individual, no relief will be given, either in a court of law or chancery.

[Cited in Tufts v. Tufts, Case No. 14,233; Overshiner v. Wisehart. 59 Fed. 138.]
[Cited in Fargo v. Ladd, 6 Wis. 118.]

[This was a suit by Warburton and King against Aken and Little. Heard on a motion for continuance.]

Mr. Logan for plaintiffs.
Mr. Johnston. for defendants.

McLEAN, Circuit Justice. This action was brought on a judgment obtained in the state of Missouri, against the defendants, as the garnishees of Kemball, against whom an attachment had been issued. A motion for a continuance was made by defendants to take the deposition of a witness by whom they expected to prove that when the attachment was issued, at the request of plaintiffs, the defendants, who live at a considerable distance from St. Louis, remained in the city until the attachment could be issued and served on them as garnishees, although they were not indebted to the defendant in attachment, which was well known to the plaintiffs and admitted by them. But that they wished the service to be made on the defendants as garnishees, as it might induce the defendant in attachment to pay the debt. And they promised to give the defendants notice, if their attendance should be necessary at a subsequent term, and assured them that under no circumstances should any injury result to them. With this understanding the service on the defendants as garnishees was submitted to, and that they heard nothing further from the plaintiffs until a judgment was entered against them. And the object of the testimony which they wish to take is. to set aside the above judgment.

If the deposition which the defendants desire

to take, could not be read, if taken, the motion for a continuance, must be overruled. The court before whom the judgment in Missouri was obtained, had jurisdiction of the subject matter; and the judgment, however erroneous, is conclusive on the parties, unless the same shall be reversed or set aside on the ground of fraud. And unless to show fraud, if indeed that could be shown collaterally. the evidence on which the judgment was obtained cannot be gone into. This court cannot re-try the case which has been heard and adjudged by the court in Missouri. The defendants complain that they were entrapped by the assurances of the plaintiffs, that they would give them notice, and that under no circumstances should they suffer injury. From the statement in the affidavit it would appear. that the defendants entered into a combination with the plaintiffs to give jurisdiction to the court in Missouri, by consenting to be summoned as garnishees; although they did not owe the defendant in attachment a dollar, which was known and admitted by the plaintiffs. In so far as this proceeding could affect the interests of the defendant in attachment, it was a fraud upon him. Such a fraud as neither a court of law nor chancery would relieve against, as between the parties practising it.

If the defendants can avail themselves of any fraudulent acts of the plaintiffs. on the proceedings before the Missouri court, relief may be sought in a court of chancery. And it would seem that an application to chancery would be more appropriate for relief, than the defence which is attempted to be set up in this action. I am satisfied that if the facts which the defendants state could be proved by the absent witness, they could not be received as evidence in the present state of the pleadings in this case. and the motion for a continuance must. therefore, fail.

1 Anstr. 8; 2 Saund. Pl. & Ev. 29, 30; 2 Mer. 392, 7; 7 Taunt. 97; 3 Ves. & B. 42; Doug. 196; Cowp. 727; 1 H. Bl. 75; Starkie, 247. 250, were cited by the counsel.

Motion for a continuance overruled and judgment.